IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENDALL MARKS, *c/o Alpha, Inc.*, <br><br>　　Plaintiff, <br><br>v. <br><br>REED MERIDEN, DAVID DOOLEY, *and All Other Occupants*, <br><br>　　Defendants. | CIVIL ACTION FILE NO. <br><br>1:17-cv-843-TWT-JKL |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants Reed Meriden and David Dooley's applications for leave to proceed *in forma pauperis* ("IFP") on their notice of removal of a state dispossessory action to this Court. [Docs. 1, 1-1.] After considering Defendants' applications, I find that they meet the requirements for IFP status and **GRANT** their request to proceed IFP pursuant to 28 U.S.C. § 1915(a). Nevertheless, this Court does not have subject matter jurisdiction over the removal action. I therefore **RECOMMEND** that this case be **REMANDED** to the Magistrate Court of Fulton County.

In the underlying dispossessory action, Plaintiff Kendall Marks, as agent for Defendants' landlord, alleged that Defendants violated their lease by having a pit bull on the premises and by not paying their rent. [Doc. 1-2 at 3.] Plaintiff demanded possession of the premises, court costs, and administrative fees. [*Id.*]

Defendants then filed the instant notice of removal, alleging that Plaintiff was attempting to collect a debt in violation of the Fair Debt Collection Practices Act and that their eviction proceedings violated the Uniform Commercial Code. [Doc. 1-2 at 1-2.] They argue that this Court has federal question and supplemental jurisdiction over their eviction action. [*Id.* at 2.] They also seem to argue that there is diversity jurisdiction. [*Id.*]

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States." 28 U.S.C. § 1441(a). Here, however, the underlying case is a state dispossessory action containing no federal claim. [Doc. 1-2 at 3.] Thus, removal based on federal question jurisdiction under 28 U.S.C. § 1331 is improper. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively

allege a federal claim."); *see also U.S. Bank Nat'l Ass'n v. Sanders*, No. 1:13-cv–357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015).  Even if Defendants wish to raise counterclaims based on federal and state statutes, this Court may look only to the complaint itself to determine whether there is federal question jurisdiction over the action.  *See Anderson*, 529 U.S. at 6.

It is also clear that the amount-in-controversy requirement for establishing diversity jurisdiction is not met.  *See* 28 U.S.C. § 1332(a).  Even assuming, *arguendo*, that the parties are diverse, a civil action removable solely on the basis of § 1332(a) may not be removed if any of the properly joined and served defendants is a citizen of the state in which such action is brought.  28 U.S.C. § 1441(b)(2).  As Defendants appear to be Georgia citizens, they may not remove a Georgia civil action to federal court on the basis of diversity of citizenship.  *See id.*  Plaintiff's dispossessory claim against Defendants also cannot be reduced to a monetary sum for purposes of satisfying the amount-in-controversy requirement in § 1332(a).  *See* 28 U.S.C. § 1332(a); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (holding that only the plaintiff's claim may satisfy the amount-in-controversy requirement, and an action seeking ejectment cannot be reduced to a monetary sum for purposes of determining the amount in

controversy). Finally, Defendants cannot rely on supplemental jurisdiction because this Court does not have original jurisdiction over the removal action. *See* 28 U.S.C. § 1367(a).

In sum, Defendants have demonstrated that they are indigent for purposes of proceeding IFP, and their IFP applications [Docs. 1, 1-1] are **GRANTED**. Because it is clear that this Court lacks subject matter jurisdiction over the removal action, it is further **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Fulton County.

IT IS SO ORDERED AND RECOMMENDED this 9th day of March, 2017.

_____
JOHN K. LARKINS III
United States Magistrate Judge